FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30182 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-06012-EFS |
| v. | |
| JORGE ARMANDO BETANCOURT MENDOZA, a.k.a. Jorge Mendoza Mendoza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Jorge Armando Betancourt Mendoza appeals from the 80-month sentence

imposed upon remand for resentencing following his guilty-plea conviction for

conspiracy and aiding and abetting, in violation of 21 U.S.C. § 846; and possession

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of a controlled substance with intent to distribute, in violation of 21 U.S.C.

§ 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Betancourt Mendoza first contends that the district court erred procedurally by (i) failing to explain why a downward variance, which had been applied at his original sentencing hearing, was not appropriate on remand; and (ii) treating the Guidelines range as presumptively reasonable. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court adequately explained the sentence and did not impermissibly presume that the Guidelines range was reasonable, but, instead, imposed sentence after considering all of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Betancourt Mendoza next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Betancourt Mendoza's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

14-30182